```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ALLAHVELL CUTTS, | Hon. Noel L. Hillman |
| Petitioner, | Civil No. 14-4449 (NLH) |
| v. |  |
|  | OPINION |
| J.T. SHARTLE, |  |
| Respondents. |  |

APPEARANCES:

    ALLAHVELL CUTTS, #62008-054
    FCI Fairton
    P.O. Box 420
    Fairton, NJ  08320
        *Petitioner Pro Se*

    JOHN ANDREW RUYMANN, Assistant U.S. Attorney
    PAUL J. FISHMAN, United States Attorney
    402 East State Street, Suite 430
    Trenton, NJ  08608
        *Attorneys for Respondent*

HILLMAN, District Judge

    Allahvell Cutts, a federal inmate confined at FCI Fairton in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking restoration of 40 days of good conduct time forfeited as a disciplinary sanction.  Respondent filed an Answer, two declarations, and several exhibits.  Petitioner filed a Reply.  For the reasons expressed below, this Court will dismiss the Petition.

                  I.  BACKGROUND

Petitioner challenges the loss of 40 days of earned good conduct time forfeited as a disciplinary sanction for Destroying and/or Disposing of Any Item During a Search or Attempt to Search, in violation of code 115, while he was confined at FCI Fairton on November 17, 2013.[1]  The report of the Disciplinary Hearing Officer ("DHO") dated December 26, 2013, relied on the following evidence:

> The DHO does find you committed the prohibited act of Destroying and/or Disposing of Any Item During a Search or Attempt to Search, Code 115, when you disposed of an unknown item during an attempted search.
>
> The specific evidence relied upon to support this finding was the eyewitness account of the reporting staff member that on 11-17-2013, at approximately 12:50 a.m., he attempted to search your cell (#325). The reporting officer gave you a direct order to get out of your bunk, turn the lights on and come to the food slot to submit to restraints.  The reporting officer observed you get up from your bunk, turn the lights on and approach the cell door.  As you approached the cell door you turned off the cell lights, reached into your underwear and squatted over the toilet.  You appeared to throw something in the

---

[1] To the extent that Petitioner challenges the sanction of 30 days in disciplinary segregation, this claim is not cognizable under 28 U.S.C. § 2241 because it does not affect the fact or duration of Petitioner's confinement. See Ganim v. Fed. Bureau of Prisons, 235 F. App'x 882 (3d Cir. 2007); Bronson v. Demming, 56 F. App'x 551 (3d Cir. 2002); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 n.5 (3d Cir. 2005). Alternatively, while the Due Process Clause protects against the revocation of good conduct time, it does not protect against 30 days of disciplinary confinement. See Sandin v. Conner, 515 U.S. 472 (1995); Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002).

2

> toilet and then flush the toilet.  After flushing the toilet you turned the cell lights back on and submitted to hand restraints.  The DHO coupled this evidence with your own admission you turned the cell lights on and then off, while the reporting officer was standing at your door.
>
> You admitted you turned the cell lights on and observed the reporting officer standing at your door with restraints in his hands.  You also admitted you turned the lights back off and went to bed.  You denied reaching into your shorts and flushing anything down the toilet.  The DHO took into consideration your defense [and] gave more weight to testimony provided by the reporting officer.  It is reasonable to believe you turned the lights off in your cell to conceal the disposing of contraband.  Your account of events does not appear reasonable and the preponderance of evidence supports the reporting officer's conclusions.
>
> Based on the eyewitness account of the reporting officer and your partial admission, the DHO finds the greater weight to the evidence indicates you did commit the prohibited act of Destroying and/or Disposing of Any Item During a Search or Attempt to Search, Code 115.

(ECF No. 5-8 at 3.)

Petitioner appealed to the Regional Director, arguing that the evidence was insufficient.  The decision of the Regional Director, J.L. Norwood, is dated February 26, 2014.  Norwood upheld the Disciplinary Hearing Officer as follows:

> The DHO reasonably determined you committed the prohibited act based on the following.  On November 17, 2013, the reporting officer ordered you to get out of bed, turn the lights on, and submit to restraints.  You got up and turned on your lights.  However, you then turned off your lights, reached into your underwear, and squatted over your toilet.  You appeared to throw something into the toilet, and then

3

>    flushed it.  You then turned the lights on, and
>    submitted to restraints.
>
>    Your contention you were never advised a search was
>    being conducted is not supported by the record.  The
>    DHO justifiably determined you turned off your lights
>    to conceal your actions.  You reached into your
>    underwear to retrieve something, and flushed it down
>    the toilet.

(ECF No. 5-3 at 4.)

Petitioner timely appealed to the Central Office, which did not respond within the time limit set forth in the regulations governing the Administrative Remedy Program.[2]

Petitioner challenges the loss of good conduct time, arguing that the evidence was insufficient because the decision was "based on nothing other than the officer's statement," (ECF No. 1 at 5), because there was no physical evidence, (ECF No. 1 at 6), because there was no evidence showing that the officer informed Petitioner of the search before attempting to conduct it, and because the "whole ordeal was motivated by . . . retaliation by officer [C]ondo because he did not like the way petitioner spoke to him during an earlier conversation that had transpired between the two," (ECF No. 1 at 7).  Respondent filed

---

[2] Respondent concedes that, because the Central Office did not timely respond to the appeal, the absence of this response constitutes a denial of the appeal and the exhaustion of administrative remedies under 28 C.F.R. § 542.18.  (ECF No. 5 at 14.)

4

an Answer, declarations, and exhibits, arguing that the Petition should be dismissed because the BOP complied with due process and federal law. (ECF No. 5.) Petitioner filed a Reply. (ECF No. 6.)

## II.   DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the duration of his incarceration under federal law and he was incarcerated in New Jersey at the time he filed the Petition. See Blood v. Bledsoe, 648 F.3d 203 (3d Cir. 2011); Vega v. United States, 493 F.3d 310, 313 (3d Cir. 2007); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991).

B.  Standard of Review

Insofar as the BOP administratively denied Petitioner's request challenging the forfeiture of good conduct time, this Court's review is limited to the abuse of discretion standard. See Galloway v. Warden of FCI Fort Dix, 385 F. App'x 59, 61 (3d Cir. 2010); Barden, 921 F.2d at 478.  Under this standard, a reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious.  See C.K. v. N.J. Dep't of Health & Human Services, 92 F.3d 171, 182 (3d Cir. 1996).  "[A]gency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'...." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 414 (1971), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1977) (quoting 5 U.S.C. § 706(2)(A)).

To make a finding that agency action was not arbitrary or capricious, or an abuse of discretion, a court must review the administrative record that was before the agency, and "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . .  Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one.  The Court is not empowered to substitute its

6

judgment for that of the agency." <u>Overton Park</u>, 401 U.S. at 416. Reversal of agency action is warranted "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply cannot evaluate the challenged agency action on the basis of the record before [it]." <u>C.K.</u>, 92 F.3d at 184 (quoting <u>Florida Power & Light Co. v. Lorion</u>, 470 U.S. 729, 744 (1985)).

C.  <u>Analysis</u>

Petitioner argues that the BOP deprived him of earned good conduct time as a disciplinary sanction without sufficient evidence.  The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides:  "No person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  A prisoner has a constitutionally protected liberty interest in good time credit. <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 555-57 (1974); <u>Young v. Kann</u>, 926 F.2d 1396, 1399 (3d Cir. 1991).  Where a prison disciplinary hearing results in the loss of good conduct time, due process requires:  (1) an impartial decisionmaker; (2) 24 hours advance written notice of the disciplinary charges; (3) an opportunity to testify, call witnesses and present documentary evidence, when not unduly hazardous to correctional goals; and (4) a written statement by the factfinder as to the evidence

7

relied on and reasons for the disciplinary action.  See Wolff, 418 U.S. at 564-566.  Petitioner does not contend that he was denied any of these rights.

Rather, he maintains that there was not sufficient evidence.  "[R]evocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary [officer] are supported by some evidence in the record." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985) (citations and internal quotation marks omitted); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992); Thompson v. Owens, 889 F.2d 500, 501 (3d Cir. 1989).  The Supreme Court explained the "some evidence" standard in this passage of Hill:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.  This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced.  Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary [officer].

Hill, 472 U.S. at 455-456 (citations and internal quotation marks omitted); see also Thompson, 889 F.2d 500.

8

In <u>Hill</u>, the Supreme Court reversed the state court's determination that the evidence of a disciplinary infraction was constitutionally deficient because it did not support an inference that more than one person had assaulted the victim. The Supreme Court held that the evidence before the disciplinary board satisfied the "some evidence" standard:

> The disciplinary board received evidence in the form of testimony from the prison guard and copies of his written report.  That evidence indicated that the guard heard some commotion and, upon investigating, discovered an inmate who evidently had just been assaulted.  The guard saw three other inmates fleeing together down an enclosed walkway.  No other inmates were in the area . . . .
>
> The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.  Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing.  Although the evidence in this case might be characterized as meager, and there was no direct evidence identifying any one of the three inmates as the assailant, the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

<u>Hill</u>, 472 U.S. at 455-457 (citations omitted).

In this case, the DHO based his determination on the incident report wherein the reporting officer said that he saw Petitioner turn the cell light on and off, squat, take something from his underpants, throw it into the toilet, and flush the toilet.  Although Petitioner denied what the reporting officer

9

claims to have seen (with the exception of turning the light on and off), the DHO and the Regional Director found the facts set forth by the reporting officer were credible.  This eyewitness account in the incident report provided some evidence that Petitioner disposed of something in the toilet during the officer's attempt to search the cell.  Compare Hill, 472 U.S. at 455-457 (where three inmates could have assaulted victim, there was some evidence that Hill was the assailant); Denny v. Schultz, 708 F.3d 140, 145 (3d Cir. 2013) ("[T]he discovery of contraband in a shared cell constitutes some evidence of possession sufficient to uphold a prison disciplinary sanction against each inmate in the cell, including depriving that inmate of his or her liberty interest in good time credits.") (quotation omitted) with Broussard v. Johnson, 253 F. 3d 874, 877 (5th Cir. 2001) (where the only evidence that petitioner possessed bolt cutters was the fact that they were found in the kitchen where he worked, to which 100 inmates had access, the evidence was insufficient to satisfy "some evidence" standard). Because the DHO's decision was supported by some evidence, the evidence was sufficient to satisfy due process.

Petitioner also argues that the BOP abused its discretion because the reporting officer filed the incident report in retaliation where, earlier in the day, Petitioner, "a Black

10

man[,] had spoken to [the officer] with dignity like a man is supposed to." (ECF No. 1 at 8.) Petitioner does not specify what he said to the officer and the record shows that he did not raise retaliation in his appeals to the Regional Director or the Central Office. Because Petitioner failed to raise retaliation in his administrative appeals, he has not exhausted the claim.[3] See Speight v. Minor, 245 F. App'x 213, 215-16 (3d Cir. 2007) ("Because he failed to raise the retaliation claim at every level of the administrative process, he has not properly exhausted the claim for § 2241 purposes"). The claim also fails on the merits, as Petitioner has not presented facts showing that his statements to the reporting officer substantially motivated the officer to write the incident report.[4]

---

[3] Although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012)(affirming dismissal of § 2241 petition challenging BOP's conduct for failure to exhaust Administrative Remedy Program); Wilson v. Strada, 474 F. App'x 46, 48 (3d Cir. 2012) (same); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).

[4] A prisoner alleging First Amendment retaliation must show: "(1) he engaged in a constitutionally protected activity; (2) he suffered, at the hands of a state actor, adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action." Fantone v. Latini, 780

11

Petitioner next argues that the BOP abused its discretion in determining that he committed prohibited act 115 absent evidence showing that the reporting officer informed him beforehand that the officer was going to attempt to search Petitioner and his cell.  The Regional Director found that Petitioner's contention that he was never advised that a search was being conducted was not supported by the record.  The Court construes Petitioner's claim to be that the officer must inform the inmate prior to any alleged violation of code 115 that the officer was going to attempt to conduct a search.  However, the BOP's final decision did not indicate that, to establish violation of code 115, the officer had to inform an inmate beforehand that the officer intended to attempt a search.  BOP

---

F.3d 184, 191 (3d Cir. 2015); accord Bistrian v. Levi, 696 F.3d 352, 376 (3d Cir. 2012); Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003).  To establish a causal link, the prisoner must show that the "constitutionally protected conduct was a 'substantial or motivating factor'" in the decision to take adverse action.  Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001)(quoting Mount Healthy City School Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977)).  However, "once a prisoner has demonstrated that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to legitimate penological interest." Rauser, 241 F.3d at 334; see also Carter v. McGrady, 292 F.3d 152, 154 (3d Cir. 2002) (retaliation claim fails where prison officials would have disciplined inmate for policy violations notwithstanding his protected activity).

regulations authorize the BOP to impose sanctions when an inmate "is found to have committed a prohibited act." 28 C.F.R. § 541.3(b). Prohibited acts under BOP regulations include code 115, defined as follows: "Destroying and/or disposing of any item during a search or attempt to search." 28 C.F.R. § 541.3, Table 1. The BOP's final decision did not require evidence showing that the officer informed Petitioner beforehand that the officer was going to attempt to conduct a search. The BOP's interpretation of its own regulation is "controlling . . . unless it is plainly erroneous or inconsistent with the regulation." Chong v. Dist. Dir., I.N.S., 264 F.3d 378, 389 (3d Cir. 2001). Petitioner has not shown that the BOP's interpretation of code 115 is plainly erroneous or inconsistent with BOP regulations. This Court rejects Petitioner's argument that the BOP abused its discretion in sanctioning him for a code 115 violation where there was no evidence that the officer informed him beforehand that a search would be conducted.

In addition, Petitioner implies that the DHO found him guilty of violating code 115 based on race discrimination. The Equal Protection Clause requires that all people similarly situated be treated alike. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). A petitioner who alleges an equal protection violation has the burden of proving the

13

existence of purposeful discrimination that had a discriminatory effect on him.  See McCleskey v. Kemp, 481 U.S. 279, 292 (1987); Whitus v. Georgia, 385 U.S. 545, 550 (1967).  "Thus, to prevail under the Equal Protection Clause, [Petitioner] must prove that the decisionmakers in *his* case acted with discriminatory purpose."  McCleskey, 481 U.S. at 292.

Petitioner's equal protection claim in this case fails procedurally because he did not raise it in his appeals to the Regional Director and the Central Office.  The claim fails on the merits because Petitioner has alleged no facts indicating that his disciplinary sanction was the result of purposeful discrimination.  See Lloyd v. Shartle, 514 F. App'x 77, 80 (3d Cir. 2013) (holding that claim that inmate's equal protection rights were violated in disciplinary proceeding failed because he did not demonstrate the decisionmakers in his case acted with a discriminatory purpose).

## III.   CONCLUSION

Petitioner has not shown that the BOP abused its discretion or deprived him of good conduct time in violation of the Constitution or federal law.  This Court will dismiss the Petition.  An appropriate Order accompanies this Opinion.

14

                                                   s/Noel L. Hillman
                                           NOEL L. HILLMAN, U.S.D.J.

Dated: August 16, 2016

At Camden, New Jersey

15